UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANDREW T. WALKER, ET AL           CIVIL ACTION NO. 09-cv-1727

VERSUS           JUDGE DOHERTY

CHESAPEAKE LOUISIANA, LP           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiffs in this action are six individuals who granted mineral leases in favor of Chesapeake Louisiana, LP ("Defendant") on six tracts of property located in Caddo Parish. Plaintiffs filed suit against Defendant in state court and prayed for dissolution of their leases based on Defendant's alleged violations of the terms of the leases. Defendant removed the case and promptly filed a Motion to Dismiss (Doc. 10) on the grounds that (1) Plaintiffs are not entitled to the remedy of dissolution of the leases and (2) Plaintiffs did not give proper notice of the alleged breaches before they filed suit.

A telephone conference with Judge Doherty was held in December 2009. The minutes of that conference note that the motion to dismiss was denied as premature, without prejudice to the right to refile the motion at a later date if necessary. The matter was also administratively closed. Doc. 24. The case was reopened a few weeks later, and all pending and future motions were referred to the undersigned for disposition or Report and

Recommendation. Doc. 27. It is recommended, for the reasons that follow, that the motion to dismiss be denied.

**Rule 12(b)(6) Standard**

Defendant has challenged Plaintiffs' claims for relief by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to Plaintiffs. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

**The Allegations**

The various Plaintiffs, in January and March 2008, entered into separate oil, gas and mineral leases concerning tracts of land in Caddo Parish. Petition, ¶¶ 2-7, as amended. Plaintiffs attach the one-page memoranda of lease that were filed in the public records and which summarize each lease at issue. Plaintiffs state that they have requested copies of the actual leases, but Defendant has not provided them. ¶ 8.

Each of the leases contains a paragraph number 22 that is identified as "Geophysical Information." The parties agreed in those paragraphs that if Defendant "acquired seismic

permits on lands within one mile of the Leased Premises, it would negotiate in good faith to include both the Leased Premises and surrounding acreage and to provide fully imaged 3-D seismic coverage of the Leased Premises to plaintiffs." ¶ 9.

Defendant did acquire seismic permits on lands within one mile of the leased premises "but has failed or refused to negotiate in good faith with plaintiffs and surrounding mineral owners concerning inclusion of the Leased Premises and surrounding acreage and/or to provide fully imaged 3-D seismic coverage of the Leased Premises as required by paragraph 22 of the Leases." ¶ 10. Instead, Defendant "conditioned plaintiffs' permit(s) on waiver by Lessors of the provisions set forth in paragraph 22 of the leases and plan to include only plaintiffs' property in Section 7 in the seismic survey." ¶ 11. (Some of the leased property is also in Section 6.)

One of the leases at issue limits surface operations to a designated four-acre area. The other leases "forbid surface operations without additional written consent" from Plaintiffs. ¶ 13. Defendant has "violated the surface operations provisions of the leases on numerous occasions" and continues to violate the provisions by entering and traveling over the leased property without notice and in such a way as to disrupt Plaintiffs' use and enjoyment of the property. ¶ 14.

After the original petition was filed, Plaintiffs learned that Defendant drilled a well in Section 7 but "failed to provide to any of the plaintiffs any 'well information' as required by paragraph 21 of Exhibit A to the leases" at issue. This failure "amounts to numerous

violations of each of these leases which, alone or together, with the other breaches alleged in the Complaint, justified dissolution of these leases." Amended Complaint, ¶ 15.

**Notice**

Defendant argues that Plaintiffs have not alleged that they gave written notice of the alleged breaches before they filed suit. Defendant bases its argument on a provision of the Louisiana Mineral Code found at La.R.S. 31:136. That article provides:"If a mineral lessor seeks relief from his lessee arising from drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease."

The Supreme Court of Louisiana, just a few days before Defendant filed his motion, interpreted Article 136 in a fashion that appears to defeat Defendant's argument. The plaintiff-landowners in Broussard v. Hilcorp Energy Company, 24 So.3d 813 (La. 2009) asserted claims that defendants contaminated their property during oilfield operations and were responsible for remediation/restoration of the land. The Court held that Article 136 did not require pre-suit notice of such claims because the claims did not arise from (1) drainage or (2) a claim that the lessee/defendant failed to develop and operate the property as a prudent operator. The Court concluded that if the legislature had intended Article 136 to require pre-suit notice for any circumstance alleging a violation of the prudent operator

standard, rather than solely claims involving development and operation, it could have so provided in the article. Plaintiffs in this case have not asserted claims based on drainage or the prudent operator's obligations regarding development and operation, so pre-suit notice was not required.

There is another reason to reject the notice defense urged by Defendant. Plaintiffs allege that they "notified Lessors of their failure to honor Paragraph 22 of the leases and gave them time to remedy the breach" which Defendant failed to do. Petition, ¶ 12. Plaintiffs concede in their memorandum that the reference to lessors in that allegation was an error and should have alleged that notice was given to the defendant lessee. Plaintiffs should have taken the opportunity, when they recently amended their complaint, to correct this error, but the court will accept the allegation (as did Defendant) as an assertion that pre-suit notice regarding the seismic issues was issued to Defendant.

Defendant argues that the allegation is nonetheless deficient because Plaintiffs did not specifically allege that the notice they gave was written as required by Article 136. Even if it is assumed that Article 136 applied, which Broussard says it does not, Plaintiffs may survive mere Rule 12(b)(6) review despite the absence of an allegation that the notice was not in writing. See EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA, 467 F.3d 466 (5th Cir. 2006) (allegation that there was an "agreement" was sufficient to withstand Rule 12(b)(6) argument that a statute required it to be written and signed by both parties). If a defendant wishes to test whether the form and details of an alleged notice are

adequate, it should do so through a motion for summary judgment that allows a review of the relevant facts. Rule 12(b)(6) permits review only for whether the plaintiff has satisfied the lenient notice pleading standard. That standard was satisfied, at least with respect to the assertion of breaches based on the geophysical information provision of the leases.

**Right to Relief**

Cancellation of a mineral lease "obviously is a harsh remedy," so "the right to dissolve a mineral lease will be subject to judicial control according to the factual circumstances of each case." McDowell v. PG&E Resources Co., 658 So.2d 779, 784 (La. App. 2d Cir. 1995). See also Amoco Production Co. v. Texas Meridian Resources Exploration, Inc., 180 F.3d 664, 670 (5th Cir. 1999) ("whether or not to dissolve a lease completely is subject to judicial discretion."). For dissolution to be appropriate, the lessor must be "undoubtedly entitled to such a cancellation" and "the breach must be shown to be substantial." Dore Energy Corp. v. Prospective Investment and Trading Co., LTD, 570 F.3d 219, 229-30 (5th Cir. 2009). See also Taussig v. Goldking Properties Co., 495 So.2d 1008, 1018 (La. App. 3d Cir. 1986). Another decision stated, in discussing cancellation of a lease on grounds of imprudent administration, that the "dereliction of duty must be of a substantial nature and cause injury to the lessor." Simmons v. Pure Oil Company, 124 So.2d 161 (La. App. 2d Cir. 1960), affirmed, 129 So.2d 786 (1961).

Defendants ask the court to, after reviewing no more than the petition, exercise its discretion to find that lease dissolution is not available and enter judgment against Plaintiffs.

Plaintiffs obviously face a significant burden to obtain dissolution, but the undersigned finds that Plaintiffs have alleged breaches of their leases that could, depending on the facts and circumstances presented through more substantive motions or at trial, warrant dissolution. Plaintiffs' demanding burden does not justify throwing out their case before they have even an opportunity to present facts to flesh out their allegations and allow the court to determine on a full factual record how it should exercise its broad discretion as to whether the leases should be terminated. To decide the case on a mere pleading would be arbitrary and improper absent controlling precedent that held the precise breaches at issue are not substantial, but Defendant has not cited any such precedent.

Defendant has cited cases such as IP Timberlands Operating Co., Ltd. v. Denmiss Corp., 657 So.2d 282 (La. App. 1st Cir. 1995) which it says supports its position. That 55-page decision was issued after a full jury trial, and the court stated that the relevant factors included matters such as the good or bad faith of the parties and the surrounding economic circumstances. Id. 657 So.2d at 310-11. There has been no trial in this case, and there is no factual basis to explore the relative good faith of the parties or the relevant economic circumstances. Plaintiffs were not required to allege all the detailed facts that they intend to prove at trial, so we have only the outline of their claims, as required by the notice pleading standard. The Timberlands actually weighs against Defendant and demonstrates that it is impossible to properly analyze and decide this case at this preliminary stage.

Defendant also argues that Plaintiffs have not alleged that they suffered any damages that might warrant dissolution of the lease. Plaintiffs did allege, however, that Defendant has refused to provide them seismic information for which Plaintiffs bargained, that Defendant has violated the surface operations provisions of the leases in a way that disrupts Plaintiffs' use and enjoyment of their property, and that Defendant has failed to provide well information from wells drilled in an area subject to some of the leases. Those allegations are sufficient to present a plausible case that Plaintiffs were damaged in a fashion that could result in dissolution of the leases. The seismic information, well information, and right to enjoy property undisturbed all have obvious value, and Plaintiffs need not put a dollar figure on their damages in their petition or otherwise allege their damages with more particularity to survive mere pleadings review.

Facts regarding the damages must be developed before a proper decision on a remedy may be issued. The surface operations, for example, may be a mere trespass by a surveyor or the building of a road that destroyed timber and caused drainage problems. The court has no idea based on the petition, making a decision as to the proper remedy impossible, but damages are alleged adequately to allow the case to move forward.

Defendant adds that the prayer portion of Plaintiffs' complaint does not seek damages. Rather, it prays for judgment terminating the leases, for all costs, and for attorney fees. That prayer means simply that Plaintiffs have elected to seek dissolution as a remedy for their alleged damages, which were discussed above. Plaintiffs could have prayed for recovery of

damages, but they sought the more drastic remedy of dissolution instead. Their failure to pray for both damages and dissolution does not in itself defeat the claim for dissolution.

Accordingly,

**IT IS RECOMMENDED** that Defendant's **Motion to Dismiss (Doc. 10)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of February, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE